Nicholson, C. J.,
delivered the opinion of the court.
This was a bill filed by Barton and McFarland to-set aside a conveyance made by A. G. Watkins for fraud, and to subject a tract of land to sale to satisfy an execution levied thereon. Other creditors filed bills of the same character, and among them Fuller and Mitchell, who charged that they had a judgment of $314, which remained due and unsatisfied. Judgment pro confesso was taken against Watkins. The cause was heard as to all the parties, and the deed declared void for fraud, and the land decreed to be sold to satisfy the execution of Barton and McFarland and Anne Scruggs, but the bill of Fuller and Mitchell was dismissed because on the back of one of their executions against Watkins was this endorsement, “Levied this jft, fa on twelve head of two year old mules as the property of A. G. Watkins, July 15, 1861.” The Chancellor held this to be sufficient evidence of the satisfaction of the execution. The cause was brought to this court by appeal by John Lawrence and others who claimed the land decreed to be sold, but Fuller and Mitchell did not appeal. At the September Term, 1870, the decree below was affirmed, except as to Fuller and Mitchell, who were not then before the court. The case is now here by Fuller and Mitchell by writ of error, and the only question is, whether the levy endorsed on the execution was such evidence *491 of its satisfaction as ■ to authorize the decree dismissing the bill? The levy of an execution on personal property of sufficient value to pay it, is not conclusive evidence — the presumption of payment may be rebutted. Charlton v. Lay, 5 Hum., 496.
In this case there is no evidence showing what the value of the property levied on was. This was essential to raise the presumption of payment. But it appears that complainants alleged in their bill that this execution was never satisfied, but remained due and unpaid. Watkins, the debtor, failed to answer, and judgment pro oonfesso was taken. The allegation in the bill was thereby admitted to be true as to him. 1 Head, 103; 2 Col., 269; 3 Sneed, 595.
It follows that fhe Chancellor erred in dismissing the bill as to Mitchell and Fuller. The decree is reversed, and relief will be decreed to them here. Defendants will pay the costs of this court and the court below.